281 So.2d 194 (1973)
WHITE CONSTRUCTION COMPANY, INC., a Florida Corporation, Petitioner,
v.
DIVISION OF ADMINISTRATION, STATE of Florida DEPARTMENT OF TRANSPORTATION, an Agency of the State of Florida, Respondent.
No. 43806.
Supreme Court of Florida.
July 25, 1973.
John C. Ausley, of Ausley, Ausley, McMullen, McGehee & Carothers, Tallahassee, for petitioner.
Betty Owen Stinson and Geoffrey B. Dobson, Tallahassee, for respondent.
ROBERTS, Justice.
This cause is before this Court in original mandamus proceeding filed by White Construction Company, Inc., seeking to compel the Division of Administration, State of Florida Department of Transportation to open petitioner's bid on Job No. 32502-3602, SR S146, Hamilton County, Florida, and to give said bid all consideration, weight and validity to which it is entitled under the laws of this State. Article V, Section 3(b)(5), Florida Constitution, 1973, F.S.A.
On August 17, 1972, the Department of Transportation issued to White its Certificate of Qualification (pursuant to Florida Statutes, Section 337.14, F.S.A.) setting White's maximum capacity rating at $32,700,000 and with expiration date of May 31, 1973. On April 12, 1973, the Department of Transportation issued notice and request for bids for construction of several state road projects including Job No. 32502-3602, SR S146 in Hamilton County, which notice stated that bids from qualified contractors were returnable no later than 10:30 A.M. (EST), Thursday, April 26, 1973. Jay W. Brown, Director of Road Operation by P.J. White, State Construction Engineer, advised petitioner by letter dated April 12, 1973, that the Department was suspending his qualification to bid until such time as provisions of Section 104 of the specifications of the petitioner's Leon County construction project *195 were satisfactorily complied with. This letter advised petitioner that the potential for environmental damage to Lake Jackson and properties adjacent to the project has been evident from the commencement of construction, that this had been brought to petitioner's attention on many occasions, and that although progress had been made in this area, suggestions and recommendations of the construction engineer have sometimes been ignored.
Subsequently, White, on advice of counsel that it was not disqualified from bidding because of the governing statutes and Administrative Code (Chapters 1-4, 14-9, Administrative Code; Florida Statutes, Sections 337.13, 337.14, 337.11(3) and 337.16, F.S.A.), filed its bid in the amount of $522,400.76 with the Department of Transportation within the time, at the place, and in the manner specified for such filing. The Contracts Officer, R.F. Langford, by letter dated April 23, 1973, advised White that in view of the disqualification of White Construction to bid with the Department, the Department would not be able to accept proposals from White for April 26, 1973 letting. On April 26, 1973, White was notified by the Florida Road Builders Association, Inc., that the low bidder on the Hamilton County job was Marion Construction Company whose bid was $545,894.00 ($22,000 more than the bid submitted by White but unopened). By letter dated April 26, 1973, written by R.F. Langford, Contracts Officer, petitioner was advised as follows:
"The records of the Department indicate that your firm is delinquent and not eligible to bid on Department work. Your bid on the above subject job was unopened and remains unopened in my possession. The policy of the Department is that contractors on the delinquent list may not bid on Department work until the cause of the delinquency has been remedied."
In this petition for writ of mandamus, petitioner contends that the Department of Transportation did not act in accordance with its pertinent rules and regulations, to-wit: Chapter 14-8.01(14), and Chapter 14-9.01, Regulations of the Department of Transportation, (Florida Administrative Code) in declaring White delinquent and disqualified as a prospective bidder on Department of Transportation contracts. White alleges that at all times material to this action it has never had its qualifications to bid on Department of Transportation contracts suspended in accordance with or in compliance with the Department of Transportation rules and regulations, aforestated, and that all times material to this action White was and still is a qualified bidder authorized to bid on the Hamilton County project. It was conceded at the bar of the court by all counsel that the Department of Transportation by letter dated June 14, 1973 notified White that White's Certificate of Qualification had been renewed and that its maximum capacity rating had been increased from $32,700,000 to $49,700,000.
White prayed that this Court issue an alternative writ of mandamus commanding the Department of Transportation to open White's bid and to give it all consideration, weight and validity to which it is entitled under the laws of this state, and rules and regulations of the Department of Transportation. This Court issued the alternative writ directed to Walter Revell, Secretary of Transportation, commanding him to open the bid of White Construction Company, Inc., in connection with the Hamilton County Highway Job No. 32502-3602, and that he do and perform all acts necessary to be done in the performance of his Department to give said bid all consideration to which it is entitled under the laws of this state and rules and regulations of the Department of Transportation, or show cause on or before May 23, 1973, why the peremptory writ of mandamus commanding the same to be done should not issue.
Respondent has filed a return with this Court admitting that a Certificate of Qualification *196 was mailed to White, admitting that all the aforestated letters were mailed to White, and stating that the Certificate of Qualification expired May 31, 1973. (This latter point is irrelevant since all the proceedings with regard to the bidding including the filing of this petition occurred before May 31, 1973, and, furthermore, the Department of Transportation has issued a new Certificate of Qualification which will not expire until May 31, 1974.) Respondent denies that it declared White delinquent and disqualified as a prospective bidder on Department of Transportation contracts and denies that at all times material to this action White has never had its qualifications to bid suspended in compliance with Department of Transportation rules and regulations, alleges that it has complied with Florida Statutes, Section 337.16, F.S.A., and Chapter 14-8.01, Administrative Code, in that it has suspended petitioner's Certificate of Qualification for good cause pursuant to Chapter 14-8.01, 14.C, rather than declaring White delinquent in the progress of work, and alleges that since White has not been declared delinquent in the progress of work, the provisions of Chapter 14-9.01, rules and regulations are not applicable.
Florida Statutes, Section 337.16, F.S.A., entitled, Delinquent Bidding, Suspension and Revocation of Certificate of Qualification, provides in pertinent part:
"(2) The department may suspend, for a specified period of time, or revoke for good cause any certificate of qualification. (emphasis supplied)
"(3) Any person found delinquent on a contract or whose certificate is revoked or suspended shall be given the same benefit of hearing as provided in the case of a person refused an original certificate."
Chapter 14-8.01, 14, provides in pertinent part:
"B. Delinquent Progress: Whenever the State Highway Engineer determines that a contractor is delinquent in progress of work on a previously awarded contract under the provisions of Florida Administrative Code Rule 14-9.01, the delinquent contractor shall be disqualified from further bidding and shall be disapproved as a subcontractor so long as the delinquent status exists.
C. Other Causes: In addition, the Secretary of Transportation may suspend, for a specified time, or revoke for other good cause any Certificate of Qualification. Such other cause shall include, but shall not be limited to, the following:
(1) False statements contained in the application or made at a hearing before the Prequalification Committee.
(2) The Contractor becomes insolvent or is declared bankrupt.
(3) The contractor's performance or payment record in connection with contract work becomes unsatisfactory.
(4) Willful violation of Florida Administrative Code Rule 14-2.01, covering gifts, gratuities, etc."
If respondent's contentions are correct in that it acted under Chapter 14-8.01, 14.C, and Florida Statutes, Section 337.16(2) rather than under Chapter 14-8.01, 14.8 and Florida Statutes, Section 337.16(3), then respondent's allegation as to the inapplicability of the procedure set out in Chapter 14-9.01 regarding rules to be followed in declaring a contractor delinquent in the progress of work has merit. However, it appears from the record before us that respondent failed to properly follow the procedure set out in its rules and regulations for suspension for good cause. Chapter 14-8.01, 14.C, specifically requires that the Secretary of Transportation may suspend for good cause. From the record before us, we can determine that the Secretary of Transportation did not suspend White, but rather the letter of April 12, 1973, purporting to suspend White was written by J.W. Brown, Director of Road Operations, and was signed *197 for Brown by P.J. White, State Construction Engineer. It does not appear from the letter that it constituted action by the Secretary of Transportation. The rules and regulations specifically require action by the Secretary himself to exercise such drastic authority and responsibility in such an important matter as the suspension of a bidder for cause.
Pertinent provisions of the Florida Statutes to be taken into consideration with the aforequoted Subsection (2) of Florida Statute 337.16 provide,
Subsection 1 of Section 20.23, Florida Statutes, provides as follows:
"The head of the department of transportation is the secretary of transportation." (emphasis supplied)
Subsection (1) of Section 20.05, Florida Statutes, specifically provides that:
"Each head of a department, except as otherwise provided herein, shall:
(1) Plan, direct, coordinate, and execute the powers, duties and functions vested in that department or vested in a division, bureau, or section of that department; ..."
This is not to say that the Department of Transportation, Division of Administration, does not have the power to delegate routine matters to subordinates, but the suspension of a person (company) form the performance of his business which he has been certified to perform by the Department is highly penal in nature and should be done only by those having specific authority to do so. In this particular instance, there should be strict adherence to statute and rules of the Department of Transportation. The right to engage in business is an important right and interference with that right is a serious matter and should only be done in strict compliance with statute.
Furthermore, the record reveals that the required procedure as set out in Chapter 14-9.01 for declaration of delinquency of a contractor in the progress of his work have not been complied with. This the Department of Transportation admits but submits that White was not disqualified or declared delinquent under Chapter 14-9 and, therefore, the procedures set out therein were not required to be followed. However, we should note with particular interest the letter dated April 26, 1973, addressed to Mr. White, White Construction Company, Inc., which stated,
"The records of the Department indicate that your firm is delinquent and not eligible to bid on Department work."
Since the Department of Transportation did not comply with the procedure for suspension for good cause nor with the procedures for disqualification due to delinquency in the progress of work, White was not suspended at the time of bidding on the Hamilton County project and the Department of Transportation should be required to open his bid and give said bid all consideration, weight and validity to which it is entitled under the laws of this state and rules and regulations of the Department of Transportation.
However, although the Department of Transportation must open the bid submitted by White Construction Company, Inc., we recognize the application of Florida Statutes, Section 337.11(3), F.S.A., which provides,
"The department may, at its discretion award the proposed work to the lowest responsible bidder, or it may reject all bids and proceed to readvertise or perform the work with convict labor or free labor."
The foregoing considered, it is ordered that the peremptory writ issue, directed to respondent, granting the relief sought.
It is so ordered.
CARLTON, C.J., and ERVIN, ADKINS and BOYD, JJ., concur.