361 So.2d 184 (1978)
COUCH CONSTRUCTION COMPANY, INC., Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, State of Florida, Respondent, and
White Construction Company, Inc., Intervenor.
No. KK-100.
District Court of Appeal of Florida, First District.
June 16, 1978.
Rehearing Denied June 26, 1978.
*185 Robert R. Feagin, III, F. Alan Cummings and John Radey of Holland & Knight, Tallahassee, for petitioner.
H. Reynolds Sampson, Tallahassee, for respondent.
John S. Rawls and Elaine N. Duggar, Tallahassee, for intervenor.
BOOTH, Judge.
This cause is before us on Petition for Review of final agency action by order dated June 2, 1978, dismissing the complaint of Couch Construction Company [Couch] for failure to state a cause of action. This case was briefed and argued with its companion case, II-314, in which a separate opinion of this Court has been filed.[1] The controversy in both cases involves the bidding for, and award of, the asphalt paving contract for the last link of I-10, known as the Flat Creek Project. In Case II-314, the specific issue was the validity of DOT's action rejecting all bids at the first, December, 1977, bidding on the contract due to failure of the apparent low bidder, Couch, to attend the mandatory pre-bid conference. The issues in this case are the qualification and responsibility of White Construction Company [White] which were challenged by Couch following White's apparent low bid at the second bidding on the contract in January of 1978.
Complaint by Couch was filed February 21, 1978, against DOT requesting proceedings under Florida Statute § 120.57 and Chapter 14-6, Rules of the Department of Transportation, for the following relief:

*186 "[T]hat Respondent [DOT] find, under section 337.16, Florida Statutes, and section 8-8 of the Standard Specifications that White Construction Company, Inc., was disqualified from submitting bids on December 21, 1977, and January 12, 1978, on the basis of its status as delinquent in the performance of Contracts held by it with Respondent; or, in the alternative, that White Construction Company, Inc., was not the lowest responsible bidder that submitted bids at the January 12, 1978, bid letting; and that Respondent immediately award the contract for the Project to Petitioner ..." (emphasis supplied)
Respondents White and DOT moved to dismiss the complaint on grounds: (1) That Couch lacked standing to challenge White's contract rights with DOT and (2) That the complaint failed to state a cause of action in that White had never been declared delinquent by DOT.
On the standing issue, the hearing officer held that Couch had standing to challenge the qualifications of other bidders, stating:
"[T]he right of a bidder for a public contract to a fair consideration of his bid and his right to an award of the contract if his is the lowest, responsible bid are matters of `substantial interest' to him, thus entitling him to a hearing pursuant to § 120.57 ..."
The foregoing holding is correct and supported by this Court's decision in Greenhut Construction Co. v. Henry A. Knott, Inc., 247 So.2d 517 (Fla. 1st DCA 1971). On the claim that White be disqualified under § 337.16,[2] the recommended order, as adopted by DOT, holds:
"[T]he statute in question, F.S. § 337.16(1), seems to clearly provide that a contractor who is delinquent on a previously awarded contract, as disclosed by an investigation by the highway engineer, is disqualified from bidding. However, the undersigned Hearing Officer considers herself bound by the Florida Supreme Court White case cited above. That case, while dealing specifically with a suspension for cause of a certificate of qualification, clearly recognizes the DOT's procedures for disqualification due to delinquency. And, its holding is that if such procedures are not complied with, the bid must be opened and given all consideration to which it is legally entitled. Applying the White case to the facts alleged in the petition herein, it is clear that the respondent White Construction Co., Inc., was not disqualified from bidding at either bid letting, and therefore the petitioner's complaint fails to state a cause of action for which relief can be granted. The harshness of the result of this dismissal is recognized by the undersigned. It would seem that if indeed a contractor were delinquent on previously awarded contracts, the failure of the DOT to properly act on such delinquency should not defeat the rights of another contractor to be awarded a bid if it is otherwise the lowest responsible bidder."
Couch's petition for review was filed May 25, 1978 and sought "review of the inaction and refusal [of DOT] to take timely final agency action with respect to petitioner's complaint of February 21, 1978." Thereafter, on June 2, 1978, DOT acted by dismissing Couch's complaint. Prior to that final agency action, however, briefs had been filed and arguments held in this Court, on May 30, 1978, in this case and the companion case. This expedited procedure was adopted by the Court in the interest of facilitating early disposition of the cases. The parties agreed to waive exceptions to *187 the recommended order of the hearing examiner in this case and no renewed petition for review has been filed which contests the merits of the agency order dismissing the complaint. Time has not expired for the filing of such renewed petition, however, we dispense with the need for it in the interest of avoiding further delay and proceed to the merits.
The recommended and the final orders correctly hold that White is not disqualified to bid, and that Couch's first alternative ground of attack on White's low January bid must fail. However, there is no ruling except by implication on Couch's second alternative ground, that White "was not the lowest responsible bidder." The DOT's implied holding, that that ground, too, was foreclosed by the Supreme Court decision in White Construction Company v. Division of Administration, 281 So.2d 194 (Fla. 1973), is erroneous.
Neither § 337.16 nor the Supreme Court's White case has eliminated the traditional competitive bidding requirement that the contract be awarded to the lowest responsible bidder. That requirement is codified in Florida Statute § 337.11. Delinquency in fact in work progress is evidence to be considered on the question of whether White was a responsible bidder to whom the contract could be awarded. The term "responsible" as used in bidding statutes such as § 337.11, has been defined as follows:[3]
"The term `responsible' ... is not limited in its meaning to financial resources and ability. What the public desires is a well-constructed work, for which a lawsuit even against a responsible defendant is a poor substitute; and authorizations of this kind are held to invest public authorities with discretionary power to pass upon the honesty and integrity of the bidder necessary to a faithful performance of the contract  upon his skill and business judgment, his experience and his facilities for carrying out the contract, his previous conduct under other contracts, and the quality of his previous work  as well as to pass upon his pecuniary ability, and when that discretion is properly exercised, the courts will not interfere." (emphasis supplied)
See also, Kelling v. Edwards, 116 Minn. 484, 134 N.W. 221 (1912)(one contractor was "in default in time upon other ditch contracts with the county," other contractor "had duly, expeditiously and satisfactorily completed a former ditch contract with the county."); Schulte v. Salt Lake City, 79 Utah 292, 10 P.2d 625 (1932)(successful bidder had previously performed twenty-nine contracts for Salt Lake City with very satisfactory results); Wilson v. City of New Castle, 301 Pa. 358, 152 A. 102 (1930) (low bidder was "slow in its completion" of prior jobs). In Culpepper v. Moore, 40 So.2d 366 (Fla. 1949) the effect of demands of other jobs already undertaken by the bidder was held a proper consideration in determining the bidder's ability to promptly perform the new job being bid, particularly since time was a material factor.
We note that the concluding paragraph of the Supreme Court's White decision recognizes that, although the contractor there was not disqualified as a matter of law under § 337.16, its "responsibility" remained a factor to be considered by the DOT prior to the award of the contract stating (281 So.2d at 197):
"However, although the Department of Transportation must open the bid submitted by White Construction Company, Inc., we recognize the application of Florida Statutes, Section 337.11(3), F.S.A. which provides,
`The department may, at its discretion award the proposed work to the lowest responsible bidder, or it may reject all bids and proceed to readvertise or perform the work with convict labor or free labor.'"
The following chronology of events is essentially without dispute:
October 12, 1977:
DOT issued White a preliminary notice of delinquency on the progress of two contracts *188 for highway construction work on I-10, adjacent to the Flat Creek Project.
November 1:
There being no response from White, DOT issued final notice of delinquency suspending White's qualification to bid.
November 2:
DOT rescinded final notice of delinquency, restoring White's qualification to bid, but left the preliminary delinquency notice outstanding.
November 24:
DOT advertised for bids on Flat Creek Project.
December 14:
Mandatory pre-bid conference on Flat Creek Project which White attended, but Couch did not.
December 16:
Letter from Federal Highway Administrator to DOT stating that White's progress on other I-10 contracts was unsatisfactory.[4]
December 21:
Bids received on the Flat Creek & Project with Couch apparent low bidder and White second low bidder.
December 22:
All bids rejected due to Couch's failure to attend pre-bid conference.
January 6, 1978:
DOT's letter to Federal Highway Administrator explaining its failure to suspend White's qualification.[5]
January 12:
Rebidding on Flat Creek Project with White low bidder, and Couch second low bidder.
February 14:
DOT issued White a final notice of delinquency.
March 27:
White for first time requested an extension of time on delinquency determination. (The matter is presently pending in an intra-agency proceeding for determination of delinquency.)
May 23:
White and DOT entered into a contract for the Flat Creek Project.
In briefs and arguments to this Court, White gives plausible explanations for its apparent delinquency in the progress of work on other contracts, including delay by the prior contractor on the job, inclement weather, and difficulty in obtaining essential materials. The matter of White's responsibility to perform may ultimately be resolved favorably to White, but that is a factual determination requiring § 120.57 proceedings which afford Couch and White opportunity to be heard.
The DOT for its part plainly admits it routinely uses the delinquency provisions of Florida Statute § 337.16 and its own amplifying rules[6] for "arm twisting," without following through by either determining final delinquency and suspending qualification to bid, or by rescinding the preliminary notice of delinquency. This questionable use of power, coupled with a failure of DOT to follow its established procedures with regard to delinquency notices, has resulted in the controversy here and caused the private *189 litigants, as well as the public, to suffer delay and expense.
Accordingly, the order of the DOT dated June 2, 1978, is AFFIRMED IN PART and REVERSED IN PART and, dependent on the rejection of all bids submitted in December (Case # II-314), this proceeding is REMANDED with directions that the alternative prayer of the complaint be considered with such further proceedings as are necessary to determine the lowest responsible bidder at the January rebidding.
SMITH, J., concurs.
BOYER, Acting C.J., dissents.
BOYER, Acting Chief Judge, dissenting.
I agree that the remedies provided by Florida Statute 337.16 are not exclusive and do not encompass the traditional competitive bidding requirement that the contract be awarded to the lowest responsible bidder. I do not agree with the proposition articulated by the DOAH hearing officer, as found in that portion of the recommended order quoted in the foregoing opinion, that F.S. 337.16 "seems to clearly provide that a contractor who is delinquent on a previously awarded contract * * * is disqualified from bidding." It is clear from a reading of the entire statute that the legislature did not contemplate that immediately upon a contractor becoming delinquent on a previously awarded contract its certificate of qualification be immediately suspended or revoked. Subsections (1), (2) and (3) must be read in para materia. As so read, the statute contemplates an investigation and hearing. The record reveals that White and DOT are now, and for a substantial period of time have been, involved in those procedures.
I cannot and do not agree with the majority opinion insofar as it expands the issues presented by the parties themselves.
The law has long been established that an appellate court will not review nor consider matters neither previously presented to, considered by, nor ruled upon the tribunal whose order or judgment is sought to be reviewed. (City of Pensacola v. Kirby, 47 So.2d 533 (Fla. 1950)). It is an equally well established principle of law that a court will only consider those issues framed by the pleadings or tried by consent.
While it is certainly true, as recited in the majority opinion, that the complaint filed by Couch with DOT contained the verbiage quoted in the second paragraph of that opinion, not one scintilla of evidence nor a single allegation of fact appears any place in the record, nor even in the briefs, touching upon White's responsibility except in so far as the alleged delinquency on a prior contract may be so construed: That alleged delinquency clearly falls within the ambit of F.S. 337.16 and, as such, is barred by White Construction Co. v. Division of Admin., 281 So.2d 194 (Fla. 1973). Further, while agreeing, as aforesaid, that there is a distinction between a disqualification pursuant to F.S. 337.16 and the traditional competitive bidding requirement that the contract be awarded to the lowest responsible bidder, I do not construe the concluding paragraph of the Supreme Court's opinion in White Construction Co. v. Division of Admin., supra, as recognizing that although a contractor may not be disqualified under the statute its "responsibility" remains a factor to be considered by DOT prior to award of a contract. That portion of the opinion, in my view, relates only to the right of DOT to reject all bids and to proceed to readvertise or perform the work with convict labor or free labor.
It is important to observe, I urge, that the issue of White's responsibility, whether under the statute (F.S. 337.16) or under the traditional competitive bidding requirement that the contract be awarded to the lowest responsible bidder, is beyond the issues sought by Couch to be reviewed here. The Petition for Review filed by Couch requests this court to review "the inaction and refusal of the Department of Transportation, State of Florida, to take timely final agency action with respect to the petitioner's complaint and the recommended order of the Division of Administrative Hearings." DOT has now taken final agency action with respect to Couch's complaint and the *190 recommended order of the hearing officer. It necessarily follows therefore that there is no longer any "inaction or refusal" to take final agency action. Accordingly, the subject matter of the Petition for Review has become moot.
Nevertheless, the majority insist upon giving more than has even been asked for. But even affording the ultra liberal construction placed by my colleagues upon the pleadings on the laudable ground of attempting to facilitate "early disposition of the case" so that the taxpayers will not further suffer as inflation escalates costs and the traveling public will be less longer deprived of use of the badly needed highway, I yet question the purpose of ordering a factual determination by a F.S. 120.57 proceeding to determine "the matter of White's responsibility to perform" when, as already stated, no issue has been made and no evidence adduced nor allegations made touching upon responsibility except as to the alleged delinquency which is barred by the principle of White Construction Co. v. Division of Admin., supra.
The relief requested has been achieved. The petition is moot. I would affirm the order of dismissal.
Whether dismissal be affirmed or not, all relief to which Couch could be entitled under the pleadings, record, and even the allegations of its briefs, is barred by White Construction Co. v. Division of Admin., supra.
I dissent from the majority.
NOTES
[1] 361 So.2d 172, Case # II-314, Opinion filed June 16th, 1978.
[2] Florida Statute § 337.16:

(1) No contractor shall be qualified to bid when an investigation by the highway engineer discloses that such contractor is delinquent on a previously awarded contract, and in such case his certificate of qualification shall be suspended or revoked.
(2) The department may suspend, for a specified period of time, or revoke for good cause any certificate of qualification.
(3) Any person found delinquent on a contract or whose certificate is revoked or suspended shall be given the same benefit of hearing as provided in the case of a person refused an original certificate.
[3] 64 Am.Jur.2d Public Works and Contracts, § 70, at 927-28.
[4] "Your attention is directed to Finding Number 1 of the report in which it is noted that this office considers the contractor's [White] progress on this project to be unsatisfactory. In accordance with Article 8-8.3 of the Standard Specifications, it has been determined that the contractor should be declared delinquent and disqualified from bidding on future jobs until completion of this project."
[5] "[A] factor to consider is this project cannot be opened to traffic at this time so an early completion would be of no benefit to the Department or the public. Furthermore, it obviously would be advantageous to both the Department and the public not to have this contractor suspended from the qualified bidding list at a time when bids are due to be received on the adjacent paving project. In order for bids on the forthcoming project to be as competitive as possible it is highly desirable that this contractor be allowed to bid."
[6] Chapter 14-23, Rules of State of Florida, Department of Transportation.