## MICHAEL CONSTRUCTION COMPANY, et al. v. DEPARTMENT OF TRANSPORTATION

### Case No. 84-4103R

State of Florida, Division of Administrative Hearings

January 31, 1985

### APPEARANCES OF COUNSEL

**H. Michael Madsen** and **Anne Longman** for petitioners.

**Robert I. Scanlan** for respondent.

### OPINION

J. LAWRENCE JOHNSTON, Hearing Officer.

In this rule challenge proceeding, the issue is the validity of the second sentence of Rule 14-23.01(2), Florida Administrative Code. No final hearing was held in this case. Instead, the parties stipulated to

petitioners' standing and to submission of the case to the Hearing Officer for determination on written argument.

Section 334.02(6), Florida Statutes (1983), grants the Department of Transportation (Department) broad rule-making authority. But 334.02(5) makes the Department's authority ad jurisdiction "subject to the limitations of . . . the legislative mandate hereinafter imposed."

Rule 14-23.01(2), Florida Administrative Code, provides:

(2) Disqualification. Any contractor declared delinquent under the provisions of this Rule shall be disqualified from further bidding and shall be disapproved as a subcontractor during the period the contractor's certificate of qualification is suspended or revoked. Also, any individual, firm, partnership or corporation affiliated with a delinquent contractor to the extent that it is dependent upon the delinquent contractor for either personnel, equipment or finances, shall likewise be disqualified.

Rule 14-23.01 implements Section 337.16, Florida Statutes (1983), which states:

(1) No contractor shall be qualified to bid when an investigation by the highway engineer discloses that such contractor is delinquent on a previously awarded contract, and in such case his certificate of qualification shall be suspended or revoked.

(2) The department may suspend, for a specified period of time, or revoke for good cause any certificate of qualification.

Since Rule 14-23.01(2) sets out grounds for mandatory, not permissive, suspension or revocation, it implements Subsection (1), not Subsection (2), of Section 337.16.

When an agency's rule affects the ability of an individual or corporation to engage in its business, the agency should strictly adhere to the rule. See *White Construction Co. v. Department of Transportation*, 281 So.2d 194, 197 (Fla. 1973). Although a statute such as Section 334.02(6) gives an agency a wide range of discretion in the exercise of its rule-making authority, the agency's rules may not "extend, modify or conflict with any law of this state or reasonable implications thereof." *Department of Transportation v. Insurance Services Office*, 434 So.2d 908, 910 (Fla. 1st DCA 1983). When the legislature provides both a general grant of authority and a specific provision, the specific provision controls. See *Department of Health and Rehabilitative Services v. McTigue*, 387 So.2d 454 (Fla. 1st DCA 1978) (proceedings under Section 337.16 for revocation of a contractor's certificate of qualification are in effect license revocation proceedings).

160

In this case, Section 337.16(1), Florida Statutes (1983), describes only one occasion where mandatory suspension or revocation is appropriate—mandatory suspension or revocation of a contractor who is delinquent on a previously awarded contract. By its terms, it does not authorize mandatory suspension or revocation of the certificate of an affiliate of the contractor, whether by rule or by otherwise. Because the second sentence of Rule 14-23.01(2) attempts to extend mandatory suspension or revocation beyond the delinquent contractor to the contractor's affiliates, that part of the rule is an invalid exercise of delegated legislative authority.

See Section 120.56, Florida Statutes (1983).[1] Accordingly, the petition is granted, and the second sentence of Rule 14-23.01(2), Florida Administrative Code, is declared invalid.

---

[1] No opinion is intended to be expressed whether dependence upon an affiliated delinquent contractor for personnel, equipment or finances may be good cause for permissive suspension or revocation under Section 337.16(2), Florida Statutes (1983). That issue properly would be determined in proceedings under Section 120.57, Florida Statutes (1983).