WENTWORTH, Judge.
Appellant seeks review of an administrative order determining that he had performed work on a dam without the necessary permits, and directing him to dewater the facility or apply for a permit and repair the dam. No point of reversible error has been presented for our review, and we affirm the order appealed.
Appellee Northwest Florida Water Management District (hereinafter “District”) issued an administrative complaint/notice of violation and order describing appellant as the record owner of the property upon which the subject dam is located. The complaint recited the dam’s history of structural failures and appellant’s repeated unpermitted repairs. It was also indicated that appellant had not complied with a prior order for corrective action, leaving the dam in an unsafe condition which could lead to a catastrophic failure. Appellant was directed to dewater the facility or apply for a permit and make repairs. The complaint advised appellant of his right to an administrative hearing, and contained information as to the procedure for initiating this process. Appellant did not request a hearing and the District eventually entered a final order expressly approving the directive for corrective action.
Appellant challenges this order, contending that it is actually one for remedial measures as authorized by section 373.436, Florida Statutes, rather than one for corrective action as authorized by section 373.119, Florida Statutes. Appellant notes that Rule 40A-4.481, F.A.C., requires that a remedial order be served upon the owner of the involved facility, and asserts that he is not an individual owner of the property in the present case, requesting that this court take judicial notice of property records which allegedly indicate that the property is owned by appellant and his spouse as a tenancy by the entireties. However, we find that the challenged order is properly deemed a corrective order under section 373.119, which by the statute’s literal terms need only be served upon “the alleged violator.” On the alternative argument, we decline to take judicial notice as to a factual matter based on records of a character more properly presented below. See generally, Hillsborough County Board of County Commissioners v. Public Employees Relations Commission, 424 So.2d 132 (Fla. 1st DCA 1982). Appellant’s failure to invoke the administrative process so as to raise the point below precludes an appellate challenge on this factual issue. Dickerson Inc. v. Rose, 398 So.2d 922 (Fla. 1st DCA 1981); see also, Paradyne v. State of Florida Department of Transportation, 528 So.2d 921 (Fla. 1st DCA 1988), rev. denied 536 So.2d 244 (Fla.1988); Florida Department of Corrections v. Bradley, 510 So.2d 1122 (Fla. 1st DCA 1987).
The order appealed is affirmed.
NIMMONS and ALLEN, JJ., concur.