377 So.2d 746 (1979)
SOLAR ENERGY CONTROL, INC., a Florida Corporation, Petitioner,
v.
STATE OF FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
No. SS-256.
District Court of Appeal of Florida, First District.
November 21, 1979.
Rehearing Denied January 3, 1980.
*747 Gary M. Ketchum, Tampa, James C. Conner, Jr., Tallahassee, for petitioner.
George L. Waas, Asst. Gen. Counsel, Florida Dept. of Health & Rehabilitative Services, Tallahassee, for respondent.
LARRY G. SMITH, Judge.
We have before us a petition to review non-final administrative action. Jurisdiction is vested in this court pursuant to Rule 9.100(a), Florida Rules of Appellate Procedure. We issued an order to show cause, pursuant to which respondent has timely filed its response.
The petition seeks an order of this court requiring an administrative hearing under Section 120.57, Florida Statutes, concerning its claim of bid irregularities concerning Bid No. 80-497 WR, WINDOW FILM INSTALLATION. Petitioner also seeks an order of this court pursuant to Section 120.68(13)(a), Florida Statutes, to prevent respondent from proceeding further with its scheduled rebidding and bid opening procedures with respect to the same contract, which is now scheduled for November 26, 1979 (under Bid No. 80-509, WR, WINDOW FILM INSTALLATION), pending the outcome of an administrative hearing on its claims.
Petitioner was one of three bidders whose bids were opened and examined on September 4, 1979. The lowest bid was submitted by Florida Solar Power, but its bid did not conform to the technical specifications, in that the product to be used did not meet bid requirements; and the bidder was unable, after additional time was allowed, to cure this defect in its bid. The next lowest bid was submitted by petitioner. Its bid complied with all specifications. A third bidder, the highest of the three, submitted an unacceptable contingency clause for late delivery, and its bid therefore did not comply with bid specifications.
A staff report by the Director of respondent's General Services, dated September 30, 1979, recommended award of the contract to petitioner. However, on October 4, 1979, petitioner was advised by letter from William F. Cox, Purchasing Director, that respondent had decided to reject all bids and issue a second call for bids. The bid opening pursuant to this second call was advertised for November 26, 1979.
By means of Western Union mailgrams petitioner lodged written protests of the bidding procedure, and sought to stop all further rebidding until its claim was resolved by the Secretary of the Department of Health and Rehabilitative Services, or assigned to an administrative hearing officer. Petitioner's attorney followed these communications with a letter dated October 12, 1979, complaining of failure to award the contract to petitioner, and requesting a hearing. On October 18, 1979 a letter was prepared by respondent and transmitted to petitioner setting forth respondent's justification for its action in rejecting all bids and advertising for rebidding. Respondent basically claimed the right, under duly promulgated rules and its own purchasing and policy procedures, to reject any and all bids.
Respondent urges that this court ought not to sanction proceedings which would impinge upon the broad discretion vested in an administrative agency in carrying out its functions with respect to the awarding of public contracts. We are mindful of and have considered the authorities cited by respondent, Couch Construction Co., Inc. v. Dept. of Transportation, 361 So.2d 172 (Fla. 1st DCA 1978), and 1 Fla.Jur.2d, Administrative Law, § 41. Our review of the petition, the attachments, and the response, in the light of the arguments made and authorities cited, leads us to the conclusion that the petition sets forth a set of facts which are sufficient, in our view, to require that petitioner be afforded a hearing, under Section 120.57, on its claim to be awarded the contract pursuant to its bid, and to further warrant an order of this court affording the rather drastic remedy of halting all further rebidding procedures pending the outcome of that hearing. These measures are particularly appropriate in this case because, in addition to petitioner's *748 claims that the rejection of its bid and call for new bidding was arbitrary and capricious, there are additional allegations that the decision by the responsible officer of respondent, to reject bids and order rebidding, was infected with personal considerations of such a nature as to raise serious questions concerning the integrity of the entire bidding process.
This court has previously referred to and analyzed the "impressive arsenal" of available remedies by means of which a litigant may subject "every agency action to immediate or potential scrutiny", State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977). In our opinion petitioner has demonstrated its entitlement to such a remedy at this stage of the dispute between the parties.
This cause is remanded for further proceedings with directions that petitioner be afforded a prompt administrative hearing under Section 120.57(1), Florida Statutes; and respondent is ordered to suspend all further bidding or bid opening procedures pertaining to the subject contract pending the outcome of that hearing, and until further authorized by the assigned hearing officer or this court.
MILLS, C.J., and BOOTH, J., concur.