383 So.2d 728 (1980)
UNITED STATES SERVICE INDUSTRIES-FLORIDA, a Florida Corporation, Petitioner,
v.
STATE of Florida DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
No. VV-159.
District Court of Appeal of Florida, First District.
May 9, 1980.
Rehearing Denied June 4, 1980.
Anthony J. O'Donnell, Jr., and Alan S. Gold of Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wolff, Miami, for petitioner.
George L. Waas, Tallahassee, for respondent.
ROBERT P. SMITH, Jr., Judge.
This petition for emergency review of nonfinal administrative action, Rule 9.100, Fla.R.App.P., asserts that the Department of Health and Rehabilitative Services has wrongfully denied petitioner a formal Section 120.57(1) hearing in that the Department has or is about to determine petitioner's substantial interests by awarding a contract for janitorial services to another bidder, although petitioner's bid was lower. See Couch Constr. Co. v. Dep't of Transportation, 361 So.2d 184 (Fla. 1st DCA 1978). Petitioner urges that information which was omitted from its bid, though required by the invitation for bid, was inconsequential under the circumstances and that petitioner should receive the contract which the other bidder will receive, so it is alleged, on May 9, 1980. We briefly stayed the contract process and required a Department response to an order to show cause. See Solar Energy Control, Inc. v. State Dep't of Health and Rehab. Services, 377 So.2d 746 (Fla. 1st DCA 1979).
Upon consideration of the petition and the Department's response, we find that petitioner has not demonstrated, either to the Department by its request for a Section 120.57(1) hearing, or to this Court by its petition for relief, that the proceeding "involves a disputed issue of material fact." Section 120.57, Florida Statutes (1979). For aught that appears, the significance of the omitted information depends on policies, opinions, or circumstances which may be appropriately heard and evaluated in a Section 120.57(2) informal hearing, which the *729 Department has not refused petitioner and petitioner has not requested. Not every dispute between an agency and an affected person requires formal proceedings for its resolution. Many disputes, of which this seems to be one, can as readily be determined and made ready for judicial review under Section 120.57(2), which in proper application will afford full relief faster and more conveniently.
The order to show cause is DISCHARGED and the petition is DENIED. A petition for rehearing may be filed but our stay order is immediately VACATED.
McCORD and SHIVERS, JJ., concur.