384 So.2d 1280 (1980)
FLORIDA CITIES WATER Company, Petitioner,
v.
FLORIDA PUBLIC Service COMMISSION, Respondent.
No. 55722.
Supreme Court of Florida.
June 12, 1980.
*1281 John W. Costigan and B. Kenneth Gatlin of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for petitioner.
Prentice P. Pruitt, William E. Sundstrom and Richard V. Neill, Tallahassee, for respondent.
Debra E. Cohen of Myers, Kaplan, Levinson, Kenin & Richards, Miami, for Florida Waterworks Association, amicus curiae.
ENGLAND, Chief Justice.
We have been asked to review an order of the Public Service Commission which, in the course of a rate proceeding, denied Florida Cities Water Company depreciation deductions for contributions in aid of construction [CIAC] and for advances in aid of construction [AIAC].
A hearing examiner assigned to consider Florida Cities' request for a rate increase had allowed the company, as has been customary in water and sewer cases, depreciation deductions for both CIAC and AIAC. Contrary to the hearing examiner's recommendation, the Commission disallowed these deductions on review, offering no reason for the abrupt discontinuance of prior agency policy other than that it was "wrong as a matter of law." Florida Cities and amicus curiae, Florida Waterworks Association, now assert that the Commission's unanticipated declaration of a new policy with respect to CIAC and AIAC violates administrative due process as articulated in chapter 120, Florida Statutes (1977).
Petitioner first argues that the Commission has announced a rule, as that term is defined in section 120.52(14), but that in doing so the Commission failed to follow appropriate procedures for rulemaking as set out in section 120.54. Quite clearly the Commission did not announce its new policy in a rule proceeding  nor was it required to do so. Administrative agencies are not required to institute rulemaking procedures each time a new policy is developed, McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977), although that form of proceeding is preferable where established industry-wide policy is being altered. City of Plant City v. Mayo, 337 So.2d 966, 974-75 (Fla. 1976).
Nonetheless, when an agency elects to adopt incipient policy in a non-rule proceeding, there must be an adequate support for its decision in the record of the proceeding. McDonald at 583-84. In this case, there is absolutely no record foundation for the Commission's disallowance of CIAC and AIAC deductions. Consequently, we must quash the Commission's order and remand this cause for further proceedings consistent with this opinion.
It is so ordered.
ADKINS, OVERTON and SUNDBERG, JJ., and VANN, Associate Justice, concur.
ALDERMAN, J., concurs in the result only.
BOYD, J., concurs in part and dissents in part with an opinion.
BOYD, Justice, concurring in part and dissenting in part.
I agree with the majority's decision that "there is absolutely no record foundation for the Commission's disallowance of CIAC and AIAC deductions." However, I disagree with the majority's statement that the Commission is not required to adopt this new policy in a rule making proceeding.
*1282 The Administrative Procedure Act, chapter 120, Florida Statutes (1977), applies to all forms of agency decision making. Every policy statement an agency relies upon in reaching a decision must be either codified as a rule or expressly stated in an order. A rule is defined as "each agency statement of general applicability that implements, interprets, or prescribes law or policy... ." § 120.52(14), Fla. Stat. (1977). An order is a "final agency decision which does not have the effect of a rule ... ." § 120.52(9), Fla. Stat. (1977). In adjudicating individual cases, agencies may find themselves developing policy which will be generally applicable to future cases. Such policy statements are a hybrid of a rule and an order and have been characterized as "incipient policy." McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). The purpose of recognizing incipient policy is to encourage agencies "to structure their discretion progressively by vague standards, then definite standards, then broad principles, [and] then rules...." Id. at 580.
Thus an agency may implement changes in its policy by adopting rules in rule making proceedings or by developing incipient policy by adjudicating individual cases. Both procedures fulfill administrative due process requirements of notice, hearing, and judicial review. The procedure to be used is often left to the agency's discretion. City of Plant City v. Mayo, 337 So.2d 966 (Fla. 1976). However, there are times when this discretion may be abused and an appellate court may require a particular policy statement to be codified as a rule.
I believe the Commission abused its discretion by making a fundamental change in policy that is only tangentially related to this case. Rule making proceedings are especially designed for deciding one basic issue affecting numerous parties, whereas adjudicative proceedings are basically designed for deciding numerous issues affecting a single party. Baker, Policy by Rule or Ad Hoc Approach  Which Should It Be?, 22 J.L. & Contemp. Prob. 658 (1957). Rule making proceedings have broader notice requirements and evidentiary standards which allow for maximum input from all affected parties without any discrimination. Requiring a single party to present evidence and argue against a fundamental change in policy places that particular party at a severe disadvantage and postpones any decision as to that party's case until the broader policy considerations are finally decided by the agency and reviewed by a court. Additionally, that party may not have the financial resources necessary for gathering evidence and hiring legal representation in arguing against the broader policy changes. By limiting the quantity and quality of evidence presented, an agency's decision to change its policy through adjudicating a single case also has the effect of curtailing the effectiveness of judicial review.
In the case at hand, the agency's decision to disallow CIAC and AIAC deductions was only incidentally related to approving petitioner's rate structure. The case did not present any unique facts or issues. Since the Commission's customary practice had been to recognize such deductions, the hearing examiner did not listen to any evidence or arguments on this point. The Commission's decision to change its policy came almost as an afterthought and was not intricately related to the facts of this case.
The Commission has failed to provide us with any reason why this particular issue had to be decided while adjudicating this particular case. The Commission was not embarking on a process by which it would progressively develop vague standards into rules. At oral argument the Commission's counsel conceded that this new policy would be uniformly applied in all future cases where depreciation was being claimed for property contributed by ratepayers. In its present form the Commission's policy is final and not subject to any further modification.
The Commission argues that it was required to change its policy because its prior policy was unlawful. But it fails to point to any statute or court decision which expressly states that a sewer and water utility may not deduct its depreciation expenses on CIAC and AIAC assets. Instead the Commission refers us to section 367.081(2), Florida *1283 Statutes (1977), which states that the Commission shall consider the "cost of providing the service" and argues that depreciation expenses on contributed property are not part of the cost of providing services. Thus the Commission argues that its decision was precluded by its own, new reinterpretation of the statute. To give credence to this argument would allow every agency total discretion in deciding whether to use rule making procedures in implementing changes in policy. All an agency would have to do to insulate itself from the rule making requirements of section 120.54, Florida Statutes (1977), would be to say that it is reinterpreting the law.
Since there was no evidence presented to support the Commission's change in policy, I would vacate only that portion of the Commission's order that does not allow petitioner to collect the depreciation on contributed assets. Since the allowing of depreciation of contributed assets is an issue that is only incidentally related to this case, I see no reason for using this case as a yo-yo by sending it down for further proceedings which may be appealed again. If this Court is going to review the legality of the Commission's new policy, it would be better for that issue to be thoroughly thrashed out in a rule making proceeding where no party is singled out to be placed in limbo until a final determination is made.