385 So.2d 1147 (1980)
UNITED STATES SERVICE INDUSTRIES-FLORIDA, a Florida Corporation, Petitioner,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
Nos. VV-412, VV-276 and VV-159.
District Court of Appeal of Florida, First District.
July 8, 1980.
Rehearing Denied August 8, 1980.
Anthony J. O'Donnell, Jr. of Greenberg, Traurig, Hoffman, Lipoff, Quentel & Wolff, Miami, for petitioner.
George L. Waas, Tallahassee, for respondent.
McCORD, Judge.
This cause is brought before us as a petition to review nonfinal agency action. The action sought to be reviewed is that of the Department of Health and Rehabilitative Services (HRS) in awarding a contract to a bidder other than petitioner, when petitioner allegedly submitted the lowest bid. The merits of the bidding dispute need not be reached here as we find HRS failed to afford petitioner a timely hearing as required by the Administrative Procedures Act.
Bids were submitted to HRS for a contract of janitorial services by three bidders on April 28, 1980. HRS notified the bidders on that same day of its intention to award the bid to Oxford Services, Inc. Petitioner, United States Services Industries-Florida, had submitted a significantly lower bid, but *1148 HRS refused to consider it because certain information demonstrating that petitioner was a "responsible" bidder was not included within the bid. Petitioner protested the award as improper and requested an immediate hearing under 120.57(1), Fla. Stat. (1979). HRS referred petitioner's request to the Department of Administrative Hearings, then proceeded to execute the contract with Oxford without awaiting the outcome of that hearing. Petitioner sought this Court's aid, requesting an order preventing HRS from contracting with Oxford Services, Inc., or requiring HRS to open the contract for rebidding.
We responded in our opinion filed May 9, 1980,[1] finding that in cases such as this, while petitioner was entitled to a hearing, a § 120.57(1) hearing was not the proper remedy to seek, there being no disputed issue of material fact. Recognizing that competing interests must be balanced, [i.e., while a party substantially affected by agency action is entitled to review of that action, so, too, are the citizens of the state entitled to continuity and prevention of undue delay in government contract work], we indicated that § 120.57(2) appeared more appropriate, as only through such an informal proceeding could rapid review be afforded petitioner without putting in motion the slower wheels of a § 120.57(1) formal hearing. Believing that an informal proceeding under § 120.57(2) could be afforded by HRS to petitioner in a matter of days, we denied the petition, inferring that petitioner should seek relief under § 120.57(2), "which in proper application will afford full relief faster and more conveniently."
Following our opinion, apparently petitioner continued to seek rapid review from HRS and, when review was not forthcoming and it became clear that Oxford would begin performance on the questioned contract before petitioner was afforded any administrative review, petitioner again sought this Court's aid.
As we stated in Solar Energy Control, Inc. v. State of Florida Department of Health and Rehabilitative Services, 377 So.2d 746 (Fla. 1st DCA 1979):
This Court has previously referred to and analyzed the "impressive arsenal" of available remedies by means of which a litigant may subject "every agency action to immediate or potential scrutiny," State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977). In our opinion petitioner has demonstrated its entitlement to such a remedy at this state of the dispute between the parties.
Since HRS has failed to afford petitioner a rapid hearing in this cause prior to taking what otherwise would be considered final agency action, we explicitly direct HRS to immediately afford petitioner an informal hearing under § 120.57(2).
We have previously held that in agency proceedings affecting a party's substantial interest an adverse determination of a party's substantial interest is ineffective until an order has properly been entered after proceedings under § 120.57. See Capeletti Bros. v. State of Florida, Department of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978). While review generally will be sought pursuant to § 120.57(1), the value of a § 120.57(2) proceeding is evidenced in a case such as the instant one.
In bidding procedures, we find there can be no final agency action until the agency has afforded a requesting petitioner a § 120.57(2) hearing. HRS proceeds at its peril if it awards a contract prior to final agency action. Absent a violation of the terms of a clear point of entry for § 120.57(2) proceedings (as established by rules, regulations, or particular terms of a contract or offer to bid), should HRS continue with a contract despite application for administrative review by a disappointed bidder, such action by HRS would be considered "free-form" action until a hearing was held. We addressed this problem in Capeletti Bros., Inc., supra:
The vast majority of an agency's free-form decisions become conclusive because *1149 they are not challenged in sections 120.57(1) or (2) proceedings. Yet the agency's rules must clearly signal when the agency's free-form decisional process is completed or at a point when it is appropriate for an affected party to request formal proceedings, if authorized, or to accept his statutory opportunity for informally structured proceedings under § 120.57(2). In other words, an agency must grant affected parties a clear point of entry, within a specified time after some recognizable event in investigatory or other free-form proceedings, to formal or informal proceedings under § 120.57. Uncertainty in an agency's rules and practices on this point usually results, as is shown by our experience in the past several months, in a petition for review followed by an agency motion to dismiss on the alternative grounds that the agency has not yet taken final action or that, if it has done so, the request for § 120.57 proceedings and the review petition are too late. We have usually resolved such confusion in favor of the affected party. (Emphasis added.)
See also Graham Contracting, Inc. v. Dept. of General Services, 363 So.2d 810, 814-815 (Fla. 1st DCA 1978).
In situations involving bidding for contracts where § 120.57(1) hearing would encompass procedures likely to forestall prompt execution of government contracts, where there are no "genuine" issues as to any material fact and any spurious factual issues can be readily identified and eliminated by the parties, it is apparent that speedy resolution under § 120.57(2) is most appropriate so that disputes can be resolved or crystalized for rapid appeal prior to execution of the contract involved.
While HRS is credited with promulgating a rule to the effect that notice and the opportunity to be heard will be provided to substantially affected parties,[2] HRS admits no explicit notice pursuant to this rule was afforded petitioner. Because petitioner nevertheless perceived that its substantial interests were being determined, and applied for a hearing, no prejudice to petitioner seems to have resulted from any doubt about a clear point of entry to APA remedies.
The Division of Administrative Hearings is ordered to proceed no further in this case and to remand the pending matter to HRS, which will forthwith afford petitioner an informal hearing concerning the issues raised by petitioner and enter a final order.
Case Nos. VV-412, VV-276 and VV-159 are consolidated and remanded for appropriate proceedings consistent with this opinion.
ROBERT P. SMITH and SHIVERS, JJ., concur.
NOTES
[1] United States Service Industries-Florida v. State of Florida Department of Rehabilitative Services, 383 So.2d 728 (Fla. 1 DCA 1980).
[2] "Rule 10-2.36, Decisions Affecting Substantial Interests.

(1) A decision affecting substantial interests shall be communicated in writing to the person or persons directly affected thereby, setting out the basis for the decision and shall advise as to the opportunity for formal or informal hearing pursuant to § 120.57, F.S. If a request for hearing is made, the request or petition shall be in compliance with Rule § 28-5.15, F.A.C., and shall be filed with and received by the Department within thirty (30) days of receipt of the decision. Failure to timely request a hearing shall be deemed a waiver of any right to a § 120.57, F.A.C. hearing and said decision shall become final agency action. * * *" Rule 10-2.36, Florida Administrative Code.