417 So.2d 734 (1982)
INTERNATIONAL MEDICAL CENTERS, H. M. O., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
ASOCIACION CUBANA, INC., H. M. O., d/b/a C.A.C. Health Plan, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
Nos. AG-443, AH-275 and AH-251.
District Court of Appeal of Florida, First District.
July 14, 1982.
*735 C. Gary Williams and Michael J. Glazer of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, and Robert L. Koeppel of Koeppel, Stark & Newmark, and Gary C. Matzner of Hayt, Hayt & Landau, Miami, for International Medical Centers, H.M.O., appellant.
Joe N. Unger of Law Offices of Joe N. Unger, P.A., and Charles B. Patrick, P.A., Miami, for Asociacion Cubana, Inc., H.M.O., d/b/a C.A.C. Health Plan, appellant.
Donna H. Stinson, Gen. Counsel, and Charles T. Collette and Susan B. Kirkland, Asst. Gen. Counsels, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee.
JOANOS, Judge.
In this consolidated appeal, International Medical Centers, HMO, (IMC), and Asociacion Cubana, Inc., HMO, d/b/a C.A.C. Health Plan (CAC), challenge the Department of Health and Rehabilitative Services' (HRS) denial of their requests for an administrative hearing pursuant to Section 120.57(1), Florida Statutes (1979). We reverse.
On June 12, 1981, HRS invited qualified Health Maintenance Organizations (HMOs) to submit a response to a request for proposal seeking bids for providing prepaid health care services to refugees in Dade County. The request unequivocally asserted, "It is the intent of the Department to utilize a Health Maintenance Organization (HMO) qualified under Chapter 641, Part II as the provider of service for this group. Only one contract will be awarded." The "Background" portion of the request contained a discussion of the fee-for-service provision of health care which was then being used and contrasted that method for providing health services with that of HMOs, noting in particular the cost savings which were expected to occur with the HMO contract.
Within the request for proposal, HRS set forth the criteria and procedures which would be used in selecting the winning bid. HRS did not include a provision reserving the right to reject all bids, a provision which had been in prior HRS invitations to bid. Four HMOs submitted bids, and those four bids were narrowed down to three possible winners under the terms of the proposal. Based on one interpretation of the criteria to be used, IMC would have been the winner and based on another interpretation of the criteria, CAC would have been the winner. After having narrowed down the bids, evaluated each of the three finalists, conducted site visits, and held final interviews by the secretary with each of the finalists, HRS announced that it was rejecting all bids and was withdrawing the request for proposal.
In the public announcement concerning the fact that all bids were being rejected, the Secretary of HRS stated that the Department did not believe it would be in the public's best interest to award a contract for two reasons: they question the financial stability of the lowest bidders and they had *736 reason to doubt the accuracy of certain claims made in some of the proposals. The statement further asserted that the "Department established and followed all appropriate procedures to insure a professional and ethical bid process, although certain bidders attempted to go around this process. This decision does not preclude future efforts by the Department to promote the HMO concept in Florida." HRS announced that it would not, therefore, enter into a contract with an HMO but would pay on a fee-for-service basis to individual providers.
Both IMC and CAC requested an administrative hearing pursuant to Section 120.57 concerning HRS' decision to reject all bids and to withdraw the request for proposal. HRS denied the requests and characterized them as attempts to compel HRS to contract with the petitioners. HRS asserted that its decision was distinguishable from the cases relied upon by the petitioners because in this case there was an agency decision not to contract at all, whereas in the cases relied upon, the agencies intended to go on with the contracting process and eventually award a bid. Since HRS contends that it cannot be compelled to contract with a private bidder where it has made a decision not to contract at all, HRS concluded that there was no reason to grant a hearing.
The first question to be addressed is that of standing. We have no difficulty in deciding that IMC and CAC were parties whose substantial interests were determined by the agency's decision to reject all bids and to withdraw the RFP, holding as they did the first and second positions as successful bidders had the contract been awarded. Couch Construction Company, Inc. v. Department of Transportation, 361 So.2d 172 (Fla. 1st DCA 1978); United States Service Industries-Florida v. State, Department of Health and Rehabilitative Services, 385 So.2d 1147 (Fla. 1st DCA 1980).
The second question to be addressed is whether IMC and CAC are entitled to an administrative hearing concerning HRS's decision to reject all bids and to withdraw the request for proposal. We hold that they are.
Appellants urge, and we agree, that HRS has by its words and actions here established two incipient policies. The first is that it may reject all bids and cancel its request for proposal even if the request fails to explicitly reserve the right to do so.[1] Secondly, HRS had announced its commitment to the HMO concept. When HRS rejected all bids and withdrew the RFP, the result was not that money would not be spent and health care would not be provided; it was that health care would be provided by way of the explicitly disfavored fee-for-service method. Thus, HRS's actions constituted a deviation from the non-rule policy. The discontinuance of prior policy is the equivalent of the adoption of incipient policy. Florida Cities Water Company v. Florida Public Service Commission, 384 So.2d 1280 (Fla. 1980).
As stated in State, Department of Administration, Division of Personnel v. Harvey, 356 So.2d 323, 326 (Fla. 1st DCA 1978):
To the extent Division policy is not incorporated in regularly adopted rules, the Division may be required by any disappointed applicant to defend its policy in a Section 120.57 proceeding where the Division will be required to present evidence and argument and to "expose and elucidate its reasons for discretionary action."
HRS's contention that since it cannot be compelled to contract with a private bidder where it has made a decision not to contract at all, there is no reason to grant a hearing, misses the point.[2] Even if appellants do not *737 have the right to compel HRS to contract, they do have a right under Chapter 120 to have a hearing wherein they have an opportunity to change the agency's mind, Couch Construction Co., Inc. v. Department of Transportation, and to require HRS to defend its policy and give the basis for it. State, Department of Administration, etc. v. Harvey. This is particularly true where there are questions as to the integrity of the bidding process. Solar Energy Control, Inc. v. State of Florida, Department of Health and Rehabilitative Services, 377 So.2d 746 (Fla. 1st DCA 1980).
Accordingly, we reverse the order denying a request for an administrative hearing and remand for further proceedings consistent with this opinion. As for the contentions of IMC and CAC that this court should award the contract at issue to one of them, we decline to do so. Such a decision would be premature since the propriety of HRS's actions in rejecting all bids and cancelling the RFP has yet to be considered on the merits.
REVERSED and REMANDED.
BOOTH and SHIVERS, JJ., concur.
NOTES
[1] HRS, in contrast with some other agencies, has not adopted a rule concerning the right to reject all bids. See, e.g., Rule 6C-18, 11, Florida Administrative Code (Board of Regents) and Rule 13A-1.02, Florida Administrative Code (Department of General Services).
[2] We do not here decide whether HRS can be compelled to enter into a contract. But see, Wood-Hopkins Contracting Co. v. Roger J. Au & Son, Inc., 354 So.2d 446 (Fla. 1st DCA 1978). Nor do we here decide whether the award of a contract is the sole possible remedy. But see, Baxter's Asphalt & Concrete, Inc. v. Liberty County, 406 So.2d 461 (Fla. 1st DCA 1981).