PER CURIAM.
Appellant seeks review of an order of the Division of Hotels and Restaurants which denied him a formal hearing on certain violations of department rules and which assessed a civil fine of $300.
The appellant was notified by certified mail of certain minor violations existing in an apartment he owned in Hialeah, Florida. The violations were not corrected and a notice to show cause was issued. The matter was set for an informal hearing at which time the inspector’s report indicated the corrections had not been made. The representative of the Division insisted that a civil penalty be assessed. Thereafter, the appellant’s counsel wrote the Division requesting a formal hearing. In the letter it was stated that the violations had been corrected but the question of a civil penalty could not be resolved. The Division requested the appellant advise it of any disputed issues of material fact so as to determine whether he was entitled to a formal hearing. In response the appellant stated, “that the agency had decided that certain violations existed which justify some administrative action. The respondent denies such.” When the appellant filed nothing further to show the existence of disputed issues of fact the Division entered the order appealed. The appellant challenged the order appealed contending said order was entered without affording him a formal hearing pursuant to Section 120.57(1), Florida Statutes (1983) and his request therefor.
The appellee contended that inasmuch as the appellant failed to show the existence of disputed issues of fact he was not enti- *320 tied to a formal hearing, citing Florida Department of Transportation v. J.W.C. Company, Inc., 396 So.2d 778 (Fla. 1st DCA 1981) and United States Service Industries-Florida v. State, 383 So.2d 728 (Fla. 1st DCA 1980).
We agree with the Division of Hotels and Restaurants and the order under review is affirmed.
Affirmed.