PER CURIAM.
This is an appeal from a final administrative order of the Florida Real Estate Commission suspending for a period of two years the real estate license of the appellant William H. Scharrer, Sr. after an informal hearing below. The appellant raises three points on appeal which we conclude fail to present reversible error. We accordingly affirm.
First, there can be no doubt on this record that the appellant was charged with having been convicted of federal income tax violations, that such convictions were clearly shown below, and that, accordingly, the appellant was subject to disciplinary action pursuant to Section 475.25(l)(f), Florida Statutes (1985). The fact that the administrative complaint filed below contains a typographical error as to the above-stated statute [i.e., the complaint cites subsection (l)(k) instead of (l)(f) of the said statute] cannot change this result because such an error was obviously harmless sur-plusage which in no way prejudiced or misled the appellant. Florida Bd. of Pharmacy v. Levin, 190 So.2d 768 (Fla.1966).
Second, there is no merit to the argument that the informal hearing conducted below failed to allow the appellant an opportunity to present evidence in his be *321 half at a convenient time and place. See § 120.57(2)(a)(2), Fla.Stat. (1985). The appellant was afforded ample notice of the informal hearing which was conducted in Orlando, Florida; there is utterly no showing on this record that this was not a convenient time and place for the subject hearing. Moreover, the appellant was afforded sufficient opportunity to present written evidence at the said hearing; no showing has been made that the commission’s refusal to hold a lengthier hearing so as to allow for extensive oral testimony was an abuse of discretion under the circumstances of this case. See Magnolias Nursing & Convalescent Center v. Department of Health & Rehabilitative Serv., Office of Licensure Certification, 438 So.2d 421, 424 (Fla. 1st DCA 1983), rev. denied, 449 So.2d 265 (Fla.1984); Cohen v. Department of Professional Regulation, Bd. of Optometry, 407 So.2d 621 (Fla. 3d DCA 1981); § 120.58(l)(a), Fla.Stat. (1985); cf. Florida Dept, of Transp. v. J. W. C. Co., 396 So.2d 778, 784 (Fla. 1st DCA 1981); United States Serv. Indus. Fla. v. Department of Health & Rehabilitative Serv., 383 So.2d 728 (Fla. 1st DCA 1980).
Finally, the appellant’s argument that the commission erred in applying sanctions in this case has no merit as it is premised entirely on the non-prejudicial typographical error in the administrative complaint discussed above. The final order under review is therefore in all respects
AFFIRMED.