PARKER, Judge.
Appellants, Richard A. Anglickis and American Heritage Realty, Inc. (American Heritage), appeal a final order of the Florida Real Estate Commission (FREC) which imposed a $5,000 fine on appellants and suspended the license of Anglickis and the registration of American Heritage for a period of five years. We reverse, concluding that the agency failed to prove that *299 appellants’ conduct violated any statute, rule, or established policy.
In April 1989 an investigator of the FREC audited the records of American Heritage. Following the audit, the FREC filed an administrative complaint against appellants. The charges which are pertinent to this appeal are Counts I through IV and VII. Counts I and II alleged that appellants violated section 475.25(l)(b), Florida Statutes (1987)[1] for culpable negligence in failing to have on file written disclosures for sums deposited in an interest bearing account and for an apparent overage of the real estate trust account. Counts III and IV alleged that appellants violated section 475.25(l)(k), Florida Statutes (1987)[2], as well as Florida Administrative Code Rules 21V-14.008(l)(c)[3] and 21V-14.010[4], for having placed personal funds in a trust account and for failing to maintain trust funds in a real estate brokerage escrow bank account. Count VII alleged that Anglickis was in violation of section 475.25(i)(o), Florida Statutes (1987)[5] for a course of conduct or practice which showed that he was so incompetent, negligent, or *300 dishonest that money, property, or transactions and the rights of investors or those whom he might sustain a confidential relationship may not be entrusted safely to him.
Appellants denied the allegations and requested a formal hearing. Following the hearing, the hearing officer concluded that there was no basis for the action against appellants and recommended dismissal of the complaint. Both sides in this dispute accepted the findings of fact of the hearing officer, but the Division of Real Estate, disagreeing with the conclusions of law, filed exceptions to the recommended order. Thereafter, the FREC held a hearing. The FREC adopted appellee’s exceptions and found appellants in violation of the law as set forth in Counts I through IV and VII of the complaint. The FREC filed a final order, which imposed the fines and suspensions of the license and registration.
The irregularity discovered in the audit of the records of American Heritage which is relevant to this appeal is that appellants failed to remove earned commissions of over $9,000 from an escrow account. Appellants deposited these funds in the escrow account as part of a number of pending real estate transactions involving installment lot sales in 1986. Appellants removed these funds from the escrow account by the time of the administrative hearing.
The hearing officer concluded that appellants were not guilty of commingling personal funds with trust funds because the funds held in escrow did not become personal funds, i.e., earned commissions, until they were withdrawn from the escrow account and entered on the books as commissions. The Division argued, and the FREC adopted the argument, that appellants violated the rule prohibiting commingling of personal and trust funds by failing to remove the commissions promptly from the escrow account. The Division argued that it had been its long-standing policy that all commissions must be removed promptly from escrow accounts. In fact, the Division pointed out that the FREC had promulgated this policy in Florida Administrative Code Rule 21V-14.012(2), a rule which the FREC adopted after the audit in this case but before the formal hearing. That rule provides in part that “[a] broker shall cause to be made at least monthly a written statement comparing the broker’s total ■ liability with the reconciled bank balance(s) of all trust accounts.” Thus, the Division argues, appellants were required to remove those funds from the escrow account in thirty days.
As stated above, this rule was not in effect at the time of the audit; therefore, appellants cannot be found to have violated this rule. Appellants’ conduct of holding funds in an escrow account without booking them as earned commissions for over three years, however, could be found to be violative of incipient agency policy. See Florida Cities Water Co. v. Florida Pub.Serv. Comm’n, 384 So.2d 1280, 1281 (Fla.1980). In order to apply agency policy in a formal administrative hearing when that policy is not contained in a rule or in discoverable precedent, the agency must support its policy by expert testimony, documentary opinions, or other competent evidence. St. Francis Hosp. v. Dep’t of Health and Rehabilitative Services, 553 So.2d 1351 (Fla. 1st DCA 1989). In the proceedings underlying the instant appeal, the Division presented no competent evidence to support its incipient policy. Further, the Division has not cited any discoverable precedent where this policy has been established.
We conclude that the Division failed to prove the charges in the administrative complaint. Accordingly, we set aside the final order and remand to the FREC to enter a final order finding appellants not guilty and dismissing the charges.
Reversed and remanded with directions.
SCHOONOVER, C.J., and LEHAN, J., concur.

. That statute, in part, provides:
475.25Discipline.—
(1) The commission ... may suspend a license or permit for a period not exceeding 10 years; ... may impose an administrative fine not to exceed $1,000 for each count or separate offense; ... and ... any or all of the foregoing, if it finds that the licensee ...:
[[Image here]]
(b) Has been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing by trick, scheme, or device, culpable negligence, or breach of trust in any business transaction in this state....

. That statute, in part, provides:
475.25Discipline.—
(1) The commission ... may suspend a license or permit for a period not exceeding 10 years; ... may impose an administrative fine not to exceed $1,000 for each count or separate offense; ... and ... any or all of the foregoing, if it finds that the licensee ...:
[[Image here]]
(k) Has failed, if a broker, to immediately place, upon receipt, any money, fund, deposit, check, or draft entrusted to him by any person dealing with him as a broker in escrow with a title company, banking institution, or savings and loan association located and doing business in this state, or to deposit such funds in a trust or escrow account maintained by him with some bank or savings and loan association located and doing business in this state, wherein the funds shall be kept until disbursement thereof is properly authorized; or has failed, if a salesman, to immediately place with his registered employer any money, fund, deposit, check, or draft entrusted to him by any person dealing with him as agent of his registered employer. The commission shall establish rules to provide for records to be maintained by the broker and the manner in which such deposits shall be made.

. That rule, in part, provides:
21V-14.008 Definitions.
[[Image here]]
[[Image here]]
(c) "Trust” or "escrow” account shall be construed to mean an account in a bank or trust company, title company having trust powers, credit union, or a savings and loan association within the State of Florida. Only funds described in this rule shall be deposited in trust or escrow accounts. No personal funds of any person shall be deposited or intermingled with any funds being held in escrow, trust or on condition.

. That rule provides:
21V-14.010 Real Estate Brokers. Every licensed real estate broker who shall receive from his salesman, principal, prospect, or other person interested in any real estate transaction, any deposit, fund, money, check, draft, personal property, or item of value shall immediately place the same in a solvent bank, savings and loan association, trust company, credit union or title company having trust powers, in an escrow or trust account. The broker is ultimately responsible for the dollars in said escrow account; therefore, the broker must be a signatory on all escrow accounts. If the deposit is in securities, intended by the depositor to be converted into cash, the conversion shall be made at the earliest practical time, and the proceeds shall be immediately deposited in said account.

. That statute provides:
475.25Discipline.—
(1) The commission ... may suspend a license or permit for a period not exceeding 10 years; ... may impose an administrative fine not to exceed $1,000 for each count or separate offense; ... and ... any or all of the foregoing, if it finds that the licensee ...:
[[Image here]]
(o) Has been found guilty, for a second time, of any misconduct that warrants his suspension or has been found guilty of a course of conduct or practices which show that he is so incompetent, negligent, dishonest, or untruthful that the money, property, transactions, and rights of investors, or those with whom he may sustain a confidential relation, may not safely be entrusted to him.