499 So.2d 19 (1986)
Anthony B. HIGHSMITH, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF OPTICIANRY, Appellee.
No. BG-172.
District Court of Appeal of Florida, First District.
December 12, 1986.
*20 Elizabeth S. Wheeler of Trinkle, Redman, Alley & Moody, P.A., Plant City, for appellant.
Edward C. Hall, Jr., Tallahassee, for appellee.
MILLS, Judge.
In this appeal, Highsmith challenges a final administrative order rendered by the Department of Professional Regulation, Board of Opticianry, suspending his license to practice opticianry within the State of Florida for a period of one year and imposing an administrative fine. He contends the Department did not afford him "reasonable notice" of the informal administrative hearing held on charges against him, as mandated by Section 120.57(2), Florida Statutes (1983). We agree and reverse.
On 14 March 1984, the Department of Professional Regulation charged Highsmith, a licensed optician, with violating various provisions of Chapter 484, Florida Statutes (1983), by his action of allowing nonlicensed supportive personnel to practice opticianry without his direct supervision. A notice of the complaint against him was received by Highsmith, by hand service, at his business address, Pearle Vision Center, 3547 Cleveland Avenue, Fort Myers, Florida.
On 13 August 1984, Highsmith executed an election of rights form indicating that he did not dispute the complaint's factual allegations but still desired to present mitigating evidence at an informal administrative hearing pursuant to Section 120.57(2), Florida Statutes. The final paragraph of the election form advised Highsmith that he would have notice of the hearing. After signing his name, Highsmith identified his "current address" as his personal residence at "1849 Maravilla Avenue, Fort Myers, Florida."
On 2 January 1985, a notice of hearing was mailed by the Department to Highsmith at his Maravilla address, advising him that a hearing had been scheduled for 18 January 1985. Subsequently, the Department decided to continue the hearing until 8 March 1985. In this regard, a second notice was dispatched to Highsmith's residential address. However, the post office returned this notice to the Department on 4 March, indicating the addressee had moved and left no forwarding address. The envelope also contained a notation identifying Highsmith's Pearle Vision Center address.
The disciplinary hearing went on as scheduled on 8 March 1985, notwithstanding the Department's actual knowledge that Highsmith had not received notice of the proceedings. On 8 April 1985, a final order was entered imposing a $1,000.00 fine against Highsmith and suspending his license to practice opticianry for one year. The Department notified Highsmith of its decision by forwarding copies of its final order to his business address at the Pearle Vision Center.
A fundamental requirement of due process in any proceeding which is to be accorded finality "is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency" of an action. Quay Development, Inc. v. Elegante Building Corp., 392 So.2d 901, 903 (Fla. 1981). Indeed, Section 120.57(2)(a), Florida Statutes, expressly requires that an agency provide affected persons with "reasonable notice" of proposed or completed agency action and afford them a meaningful opportunity to present written or oral evidence in opposition to the contemplated action.
Under the facts of this case, we do not hesitate to find the Department's notice was not "reasonably calculated under all the circumstances" to inform Highsmith of the time and place of the informal administrative hearing. To be informed that a residential address is outdated and then neglect to send notice to a known business address, cannot be deemed a reasonable *21 effort to comport with the due process requirements guaranteed by the Administrative Procedure Act. See, Wilson v. Pest Control Commission of Florida, 199 So.2d 777 (Fla. 4th DCA 1967).
Reversed.
BOOTH, C.J., concurs.
WENTWORTH, J., agrees to conclusion.