SHIVERS, Chief Judge.
Brooks was a licensed practical and registered nurse. On May 17, 1990, the Department filed an administrative complaint alleging three violations of section 464.-018(1), Florida Statutes (1989), which provides for disciplinary actions under the Nurse Practice Act. On July 12, 1990, *382 Brooks was hand served with the complaint, an explanation of rights, a proposed stipulation, and an Election of Rights form. Brooks wrote a check mark on the Election of Rights form indicating
I do not dispute the allegations of fact in the Administrative Complaint but do wish to be accorded an informal hearing or proceeding, pursuant to section 120.-57(2), Florida Statutes, at which time I will be permitted to submit oral and/or written evidence in mitigation of the complaint to the Board.
She chose the above language instead of the election stating, “I do not dispute the allegations of fact in the Administrative Complaint and waive my right to object or to be heard.” A Board meeting was held on August 16, 1990, and Brooks’ nursing licenses were permanently revoked. Brooks was not represented at the meeting; and she was in prison at the time of the meeting. The record does not indicate the Board knew Brooks was in prison.
Section 120.57(2)(a)(2), Florida Statutes (1987), states that in an informal proceeding
The agency shall, in accordance with its rules of procedure, [gjive affected persons or parties or their counsel an opportunity, at a convenient time and place, to present to the agency or hearing officer written or oral evidence in opposition to the action of the agency ... or a written statement challenging the grounds upon which the agency has chosen to justify its action or inaction.
Section 120.57(2)(a)(l) “requires that an agency provide affected persons with ‘reasonable notice’ of proposed or completed agency action and afford them a meaningful opportunity to present written or oral evidence in opposition to the contemplated action.” Highsmith v. Department of Professional Regulation, 499 So.2d 19, 20 (Fla. 1st DCA 1986); see also Scharrer v. Department of Professional Regulation, 536 So.2d 320 (Fla. 3d DCA 1989) (requiring notice of hearing, which must be at a convenient time and place). Although Brooks was in prison at the time of the hearing, there is no indication in the record that the Department complied with section 120.-57(2)(a) or the provisions of its own Election of Rights form by sending prior notice of the August 16 meeting to Brooks at any address.
We therefore reverse and remand for an informal hearing in compliance with section 120.57(2), Florida Statutes, pursuant to section 120.68(12)(d), Florida Statutes (1987).
WIGGINTON and ZEHMER, JJ., concur.