PER CURIAM.
Patricia Pete appeals a final order entered by the Dietetics and Nutrition Practice Council of the Board of Medicine (the Council) denying her application for licen-sure as a nutritional counselor. We reverse and remand with direction to conduct an informal hearing upon giving due notice to appellant.
In the instant case, the Council conducted an informal hearing pursuant to the Administrative Procedure Act, chapter 120, Florida Statutes (1991). Section 120.-57(2)(a)2, Florida Statutes (1991), provides that in conducting such a hearing, the agency shall:
Give affected persons or parties or their counsel an opportunity, at a convenient time and place, to present to the agency or hearing officer written or oral evidence in opposition to the action of the agency or of its refusal to act, or a written statement challenging the grounds upon which the agency has chosen to justify its action or inaction.
While the Council apparently did comply with section 120.57(2) in scheduling a hearing, appellant never received notice of the time and place; therefore, she was denied her opportunity to present written or oral evidence in opposition to the Council’s denial of her application for licensure. Section 120.57(2) requires notice, opportunity and a final order complying with section 120.59, Florida Statutes. City of Punta Gorda v. Public Employees Relations Comm’n, 358 So.2d 81, 82 (Fla. 1st DCA), cert. denied, 365 So.2d 710 (Fla.1978). .Because appellant was not notified of her opportunity to be heard, we reverse the final order and remand for further proceedings. See Brooks v. Dep’t of Professional Regulation, 578 So.2d 381 (Fla. 1st DCA 1991), and Highsmith v. Dep’t of Professional Regulation, 499 So.2d 19 (Fla. 1st DCA 1986).
In remanding for a hearing, we direct that in making its decision, the Council is to consider the absence of separate billing as only a factor, not a conclusory determination, and we request the Council to make findings of fact in its decision whether appellant did practice as a nutrition counselor prior to April 1, 1988.
*1140 GLICKSTEIN, C.J., and WARNER, J., concur.
LETTS, J., concurs in part and dissents in part with opinion.