WHATLEY, Judge.
Bay Village of Sarasota, Inc., appeals a final order of the Department of Community Affairs, arguing that it did not receive proper notice before the order was entered.
Bay Village has a storage tank on its property which is a “facility” as defined in section 252.82(4), Florida Statutes (1997). Pursuant to this statute, Bay Village was required to submit annual forms and reports together with $500 in annual registration fees. Those forms and reports were not submitted, nor were the annual registration fees paid from 1988 through 1997. Bay Village does not contest the $5000 due in registration fees for the applicable period. The appeal is centered over the Department’s claim to late fees in the total amount of $15,000. The assessment of such late fees by the Department is discretionary and requires written notice from the Department. See § 252.85(4), Fla.Stat. (1997). If the party receiving the notice files the subject documentation and pays the applicable fee within thirty days of receipt of said notice, no late fee may be imposed. See § 252.85(4)(b).
The Department sent two separate notices to Bay Village, and Bay Village did not respond. Thereafter, the Department issued its final order seeking the $5000 in registration fees and $15,000 in late fees. Immediately upon receipt of the final order, Bay Village contacted the Department offering to pay the $5000 in registration fees.
The question presented in the appeal is whether the selected method of delivery of the two notices in question afforded Bay Village reasonable notice of the Department’s intent to assess such late fees. The Department concedes that for notice to be effective, it must be reasonable. “A fundamental requirement of due process in any proceeding which is to be accorded finality ‘is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency’ of an action.” Highsmith v. Dep’t of Prof'l Regulation, Bd. of Opticianry, 499 So.2d 19, 20 (Fla. 1st DCA 1986).
We conclude that the Department’s attempt at notice was not reasonable, and in fact, there is no evidentiary support that Bay Village ever received meaningful notice. Specifically, it appears the Department obtained a computer printout from the Secretary of State as to the corporate entity, Bay Village of Sarasota, Inc. The Department further elected to send notice to the registered agent whose name was incorrectly listed as George Eugene. The correct name of the registered agent is Eugene George. This was *1020 not a dispositive factor but the correct name could have been determined by looking at the firm name which was clearly listed as “Burket, Smith, Bowman & George.” In any event, the flaw in the Department’s efforts was that they failed to send either notice to the listed address of the registered agent. They sent both of the notices to the corporate address. Both notices were sent certified mail, return receipt requested. Neither return receipt indicates that any officer, director, or agent of Bay Village received the notice.
The final order, to which Bay Village responded, was sent to officers and/or directors of Bay Village at their appropriately listed addresses on the corporate printout. If the Department had sent the initial two notices in this fashion, then actual notice would have been received and the method of delivery of the notice would have been reasonable. In the alternative, if the Department had sent the initial two notices to the registered agent (as George Eugene or as Eugene George) at the duly listed address for the registered agent, then the notices would also have been deemed received by Bay Village and the method of delivery would have been reasonable.
Accordingly, we reverse the imposition of the $15,000 in late fees and remand for proceedings consistent with this opinion.
THREADGILL, A.C.J., and FULMER, J., concur.