IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DAMON MAURICE BATES,

  Appellant,

v.

JOHN L. WINN, AS THE
COMMISSIONER OF
EDUCATION,

  Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-4684

Opinion filed April 17, 2015.

An appeal from the Education Practices Commission.
Mark Strauss, Presiding Officer.

Mark J. Berkowitz, Ft. Lauderdale, for Appellant.

Ron Weaver, Douglasville, Georgia, for Appellee.


PER CURIAM.

  Appellant, Damon Bates, challenges the revocation of his educator's certificate by the Education Practices Commission (EPC). He alleges that the EPC abused its discretion by failing to afford him proper notice of his informal hearing. We find that the EPC did abuse its discretion, and we therefore reverse and remand for further proceedings.

In order for the EPC's notice of the informal hearing to have satisfied due process, it should have been "'reasonably calculated under all the circumstances' to inform [Mr. Bates] of the time and place of the informal administrative hearing." Highsmith v. Dep't of Prof'l Regulation, Bd. of Opticianry, 499 So. 2d 19, 20 (Fla. 1st DCA 1986) (quoting Quay Dev., Inc. v. Elegante Bldg. Corp., 392 So. 2d 901, 903 (Fla. 1981)). Whether a particular method of notice is reasonably calculated to provide adequate notice is determined on a case-by-case basis after considering the particularities of the facts presented in each individual case. See Delta Prop. Mgmt. v. Profile Invs., Inc., 87 So. 3d 765, 771 (Fla. 2012).

In the current case, the EPC sent appellant notice of his informal hearing via certified mail, which would normally satisfy the requirement that notice be reasonably calculated to inform appellant of his informal hearing.

However, here, three specific factors indicate that while the EPC's notice of hearing was initially reasonably calculated to reach appellant, the EPC was required to take further action to ensure its receipt. These additional factors were: (1) the EPC did not receive a signed receipt confirming receipt of the notice by appellant; (2) the EPC had previously received signed receipts from appellant; and (3) appellant had consistently been communicative with the EPC regarding his case, always responding to all forms of communication from the EPC, including e-mail, until his failure to respond to the notice of hearing.

2

Because appellant had been so responsive with the EPC regarding his case, and because the EPC had received signed receipts from appellant before in response to previous certified letters, the lack of a signed receipt in response to the notice of hearing sent via certified mail should have put EPC on notice that appellant may not have received it.

Despite being on notice that appellant may not have received notice of his informal hearing, the EPC failed to take further action to inform appellant of the time and place of his administrative hearing. For example, the EPC did not attempt to forward the notice of hearing to appellant via e-mail, though the EPC had communicated with appellant via e-mail before. This failure of the EPC to take further action to put appellant on notice of his informal hearing constituted error.

For the foregoing reasons, we set aside the EPC's final order revoking appellant's educator's certificate and remand for further proceedings.

LEWIS, C.J., WOLF and ROBERTS, JJ., CONCUR.